United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>3dfx INTERACTIVE INC.,<br><br>    Debtor.<br>_____<br><br>CARLYLE FORTRAN TRUST,<br><br>    Plaintiff(s),<br>  v.<br><br>NVIDIA CORP., et al.,<br><br>    Defendant(s).<br>_____<br><br>CARRAMERICA REALTY CORP.,<br><br>    Plaintiff(s),<br>  v.<br><br>NVIDIA CORP., et al.<br><br>    Defendant(s).<br>_____<br><br>WILLIAM A. BRANDT, JR., TRUSTEE,<br><br>    Plaintiff,<br>  v.<br><br>NVIDIA CORP., et al.<br><br>    Defendant(s).<br>_____/ | NO. C 05-00427 JW, C 05-00428 JW, C 05-00429 JW<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR ORDER WITHDRAWING REFERENCE OF ADVERSARY PROCEEDINGS** |

## I. INTRODUCTION

Presently before the Court is a Motion for Order Withdrawing Reference of Adversary Proceedings (the "Motion") pursuant to 28 U.S.C. § 157(d) filed by nVidia Corporation, nVidia US Investment Company, Inc. ("nVidia Sub") (collectively, "nVidia"), Jen-Hsun Huang, James C. Gaither,

A. Brooke Seawell, William J. Miller, Tench Coxe, Mark A. Stevens, Harvey C. Jones, Jr., Stephen H. Pettigrew and Christine B. Hoberg (together with nVidia, "the nVidia Defendants"). The nVidia Defendants request that this Court withdraw the references to the bankruptcy court of three actions brought against nVidia: one brought by Plaintiff Carlyle Fortran Trust ("Carlyle") (Case No. C 05–00427 JW, Bankruptcy Case No. 02-55795 JRG, Adversary Proceeding No. 03-5010), one brought by Plaintiff Carramerica Realty Corporation ("Carramerica") (Case No. C 05-00428 JW, Bankruptcy Case No. 02-55795 JRG, Adversary Proceeding No. 03-5011), and one brought by Plaintiff and Chapter 11 Trustee William A. Brandt, Jr. ("Trustee") (Case No. C 05-00429 JW, Bankruptcy Case No. 02-55795 JRG, Adversary Proceeding No. 03-5079). The Court held a hearing on the matter on May 2, 2005. Based on all of the arguments made at the hearing and in the parties' briefs, the nVidia Defendants' motion is granted in part and denied in part.

## II.  BACKGROUND

The nVidia Defendants have been engaged in litigation in the bankruptcy court for more than two years arising out of nVidia's purchase of assets in 2001 from the now-bankrupt 3dfx Interactive, Inc. ("3dfx") pursuant to a December 15, 2000 Asset Purchase Agreement ("APA"). The essence of the three complaints–brought by the bankruptcy Trustee on behalf of all of 3dfx's creditors and two former landlords as individual creditors–is that nVidia did not pay fair value for the assets it acquired, and that it should be treated as 3dfx's legal successor. Some background on the transaction giving rise to the  bankruptcy actions is appropriate.

In the mid-to-late 1990's, 3dfx and nVidia were rivals in the field of 3D graphics chips. In mid-to-late 2000, 3dfx experienced financial difficulties, and negotiated an Asset Purchase Agreement ("APA") with nVidia by which nVidia Sub agreed to buy some of 3dfx's assets, including its portfolio of patents, trademarks and applications. As part of the asset purchase, the companies agreed to settle a pending patent litigation between 3dfx and nVidia Corporation. nVidia Sub agreed to pay 3dfx $70 million in cash for the purchased assets and settlement of the patent cases. Additionally, nVidia agreed to pay 3dfx up to one million shares of nVidia Corporation stock ("contingent stock

2

consideration") if all of 3dfx's creditors had been paid in full or were otherwise provided for from sources other than the contingent stock consideration, and that 3dfx had been validly dissolved. To the extent the $70 million cash payment, along with 3dfx's other assets, was insufficient to retire its creditor obligations in full or otherwise provide for them, nVidia also agreed that up to half of the contingent stock consideration could be monetized for $25 million (at a fixed price of $50 per share for 500,000 shares), and used by 3dfx to pay its creditors if 3dfx could certify that the additional cash of up to $25 million cash would be sufficient to pay in full all of 3dfx's creditors.

On March 30, 2001, 3dfx filed a certificate with the office of the California Secretary of State stating that it had elected to voluntarily dissolve. Over the ensuing months, 3dfx was not able to satisfy its creditors, including its landlords Carlyle and Carramerica. As a result, 3dfx never received any stock from nVidia.

On February 11, 2002, Carlyle, from whom 3dfx had leased its headquarters in San Jose, sued 3dfx for breach of lease in the Santa Clara Superior Court. On May 10, 2002, Carlyle filed a second lawsuit in Santa Clara Superior Court, this time against nVidia Corporation, for interference with Lease, fraudulent transfer, unfair business practices, tort of another, breach of fiduciary duty and successor liability. The nVidia Defendants demanded a jury trial in that case on August 26, 2002.

On December 13, 2002, CarrAmerica, the owner of 3dfx's facility in Austin, Texas, filed a complaint against 3dfx and nVidia, as well as their respective directors and officers. The CarrAmerica complaint was substantially identical to Carlyle's. On December 23, 2002, Carlyle amended its complaint against nVidia to include specific allegations of wrongdoing against nVidia's directors and some officers.

On October 15, 2002, after negotiations with its landlords failed to produce a settlement, 3dfx filed a Chapter 11 petition for bankruptcy. In late January, 2003, the bankruptcy court appointed William Brandt, Jr. to serve as Trustee for 3dfx. Nvidia removed the landlords' adversary proceedings to federal court on January 3, 2003. By virtue of 28 U.S.C. Section 157(a) and Bankruptcy Local Rule 5011-1(a), the matter was automatically referred to the bankruptcy court.

1   On February 14, 2003, the Trustee filed an action against nVidia and nVidia Sub, alleging claims of fraudulent conveyance and successor liability. All three adversary proceedings were assigned to Bankruptcy Judge James Grube. The three cases have proceeded together through discovery. A Joint Litigation Agreement was entered into by the three plaintiffs in which they each shared work product and legal strategies.

On February 18, 2003, nVidia Corporation filed a Proof of Claim in the 3dfx bankruptcy estate, seeking an adjudication of its contractual right to indemnity from 3dfx for the expense incurred in defending itself against claims arising out of the APA, as well as additional damages for various alleged breaches of representations and warranties by 3dfx. On January 7, 2005, nVidia Corporation filed an Amended Proof of Claim which reduced its demand and withdrew certain allegations against 3dfx that it had previously made on information and belief. The gist of nVidia Corporation's Proof of Claim remained the same, however. Under the APA, it was entitled to indemnification from 3dfx for the losses it had experienced as a result of the lawsuits filed against it. No proof of claim was filed by nVidia Sub.

### III. STANDARDS

The district court's authority to withdraw the reference of an action to bankruptcy court is governed by 28 U.S.C. § 157(d):

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

§ 157(d) permits discretionary withdrawal of the reference on a showing of good cause, and mandates it when consideration of other federal laws are required. The mandatory withdrawal under § 157 "should be granted only if the current proceeding cannot be resolved 'without substantial and material consideration' of the non-Code federal law." In re Vicars Ins. Agency, Inc., 196 F.3d 949, 952 (7th Cir. 1996) (citations omitted). Withdrawal is not mandated when the case involves the

4

1  "straightforward application of a federal statute to a particular set of facts.  It is issues requiring
2  significant interpretation of federal laws that Congress would have intended to have decided by a
3  district judge rather than a bankruptcy judge."  Id. at 953 n.5, quoting United States v. Johns-Manville,
4  63 B.R. 600, 602 (S.D.N.Y. 1986).

## IV.  DISCUSSION

The nVidia Defendants' Motion is uncontested as it relates to the adversary proceedings brought by Carlyle and Carramerica (collectively, "the Landlords"), as both landlords join in nVidia's request as it relates to them so that the parties may proceed to a jury trial.  Accordingly, the references of the proceedings brought by Carlyle and Carramerica are withdrawn.

With regard to the reference of the Trustee's proceeding, the nVidia Defendants argue that the resolution of the Trustee's case will require substantial and material consideration of principles of U.S. patent law in connection with its valuation of the patent litigation that was settled as part of the APA.  Namely, the nVidia Defendants contend that the Trustee's bankruptcy law claims are dependent upon the issues of whether the 3dfx patents are valid and enforceable, whether nVidia's product infringed those patents, and what reasonable royalty would have been imposed as a measure of damages. Thus, it is the nVidia Defendants' position that withdrawal of the reference of the Trustee's adversary proceeding is mandatory because the Trustee has irrevocably made his bankruptcy claims dependent upon adjudication of questions of patent law.  nVidia further contends that withdrawal of the bankruptcy reference of the Trustee's case makes sense under the "for cause" provision of § 157(d) as well due to the patent law flavor of the Trustee's theory of the case, combined with the procedural and substantive indivisibility of the three actions.

The Court is not persuaded by the nVidia Defendants' arguments.  In his Opposition to the nVidia Defendants' motion, the Trustee argues that the value of the patent litigation will play, at most, a peripheral role in this litigation, and that the Trustee's case will likely be resolved without any consideration of patent law whatsoever.  The Trustee further argues that even if the trial court chooses to assess the value of the patent litigation, that evaluation will require, at most, the application of a

5

1  standard patent infringement analysis to the facts of the underlying patent litigation, and the bankruptcy
2  court will not have to engage in "substantial and material" consideration of non-bankruptcy law such
3  that withdrawal of the reference is mandated.  The Court declines to find that withdrawal of the
4  reference of the Trustee's proceeding is mandatory simply because the valuation of a patent litigation
5  is potentially involved in the assessment of whether nVidia paid fair value for what it purchased from
6  3dfx.

7  Moreover, the Court is not at this time persuaded that the Trustee's action is procedurally and
8  substantively indivisible from the Landlord's cases.  The Landlord's action is predicated on ten
9  different theories of liability, while the Trustee's case alleges only the claims of fraudulent
10 conveyance and successor liability.  Further, the nVidia Defendants are entitled to a jury trial in the
11 Landlord actions, while the issue as to nVidia's right to a jury trial has yet to be determined in the
12 Trustee's suit.  It has come to the Court's attention that the bankruptcy court has set a hearing to
13 determine whether the filing of a Proof of Claim against the 3dfx bankruptcy estate by nVidia
14 Corporation constituted waiver of the Defendants' right to a jury trial in the Trustee's proceeding.  As
15 such, this Court declines to exercise its discretion to withdraw the Trustee's case from the bankruptcy
16 court until the determination as to nVidia's entitlement to a jury trial is made.  Should the bankruptcy
17 court find that a jury trial is proper, then reference of the Trustee's action may be withdrawn at that
18 time.
19 //
20 //
21 //
22 //
23 //
24 //
25
26
27
28                                                              6

## V.  CONCLUSION

For the reasons stated above, the nVidia Defendants' motion is granted in part and denied in part.  The references to the bankruptcy court as to the adversary proceedings brought by Carlyle and Carramerica are withdrawn.  Withdrawal of the reference of the Trustee's case is not warranted at this time.

Dated: May 6, 2005

05cv427,428,429wdraw

/s/ James Ware
JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Henry H. Oh henry.oh@dlapiper.com
James N. Kramer jkramer@orrick.com
Jonathan B. Gaskin jgaskin@orrick.com
Jonathan S. O'Donnell jon@mbvlaw.com
Justin Myer Lichterman jlichterman@orrick.com
Karen Johnson-McKewan kjohnson-mckewan@orrick.com
Leah Anne Nutting lnutting@orrick.com
Michael Todd Scott tscott@orrick.com
Morgan William Tovey mtovey@reedsmith.com
Richard C. Darwin rdarwin@buchalter.com
Robert P. Varian rvarian@orrick.com

Office of the U.S. Trustee/SJ
U.S. Federal Bld.
280 S 1st St. #268
San Jose, CA 95113-3004

USBC Manager-San Jose
US Bankruptcy Court
280 South First Street
Room 3035
San Jose, CA 95113

Arthur S. Weissbrodt
U.S. Bankruptcy Court
280 South First Street
Room 3035
San Jose, CA 95113

Stephen Pettigrew
David M. Shannon
Nvidia Corporation
2701 San Tomas Expressway
Santa Clara, CA 95050

James R. Grube
U.S. Bankruptcy Court
280 South First Street
Room 3035
San Jose, Ca 95113

**Dated: May 6, 2005**                                **Richard W. Wieking, Clerk**

                                                  **By:/jwchambers/**
                                                     **Ronald L. Davis**
                                                     **Courtroom Deputy**

**United States District Court**
For the Northern District of California